MIED ProSe 14 (Rev 5/16) Complaint for Violation of Civil Rights (Prisoner Complaint)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Mr. Cory Odell Derrick

*(Write the full name of each plaintiff who is filing this complaint.  If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

v.

Midland County
Daniel J. Duke
Michael Gary Yelsik
Advanced Correctional Healthcare, Inc

*(Write the full name of each defendant who is being sued.  If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.  Do not include addresses here.)*

Case: 2:20-cv-12260
Judge: Parker, Linda V.
MJ: Whalen, R. Steven
Filed: 07-28-2020 At 12:15 PM
PRIS CORY DERRICK V MIDLAND COUNTY, ET AL (AT)

*(to be filled in by the Clerk's Office)*

Jury Trial:  ☑ Yes  ☐ No
*(check one)*

## Complaint for Violation of Civil Rights
## (Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files.  Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number.  A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**

**In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in *forma pauperis*.**

MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Cory Odell Derrick |
| All other names by which you have been known: | N/A |
| | N/A |
| ID Number | # 103775 |
| Current Institution | Midland County Correctional Facility |
| Address | 101 Fast Ice Drive  E-Pod-Room 102 |
| | Midland, Michigan 48642 |

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Midland County |
| Job or Title (if known) | N/A |
| Shield Number | N/A |
| Employer | N/A |
| Address | 333 West Ellsworth St |
| | Midland, Michigan 48640 - 5194 |

☑ Individual capacity       ☐ Official capacity

MIED ProSe 14 (Rev 5/16) Complaint for Violation of Civil Rights (Prisoner Complaint)

Defendant No. 2

Name: Advanced Correctional Healthcare, Inc

Job or Title (if known): Healthcare Provider

Shield Number: N/A

Employer: Midland County

Address: 3922 W. Baring Trace
Peoria, IL 61615

☑ Individual capacity     ☑ Official capacity

Defendant No. 3

Name: Daniel J. Duke

Job or Title (if known): Public Defender

Shield Number: N/A

Employer: Midland County

Address: 200 E. Main St. Ste. 200
Midland, Michigan 48640-5194

☑ Individual capacity     ☐ Official capacity

Defendant No. 4

Name: Michael Gary Yelsik

Job or Title (if known): Court Officer / Prosecutor

Shield Number: N/A

Employer: Midland County

Address: 220 W. Ellsworth St
Midland, Michigan 48640-5194

☑ Individual capacity     ☐ Official capacity

MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

## II.     Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A.      Are you bringing suit against *(check all that apply)*:

☐       Federal officials (a *Bivens* claim)

☑       State or local officials (a § 1983 claim)

B.      Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

1. Michigan Constitution Right to Be Brought to trial in 90 day or HAVE A Bond set.

2. Violation of all Pretrial Detainees Rights Guaranteed under the Fifth Amendment, And Guaranteed Protections of the United States Constitution.

3. The guarantee of procedural fairness which flows from Both the Fifth and Fourteenth Amendments due process clauses of the Constitution.

4. Systemic Racism

5. Racial Injustice     } Racial Discrimination / Ethnic Intimidation.

6. Racial Inequality

7. No Protection From Covid-19 - Failure to Provide Mask, Social distancing Anti Bacterial Soap, OR A medical Pod strictly for inmates with Respiratory issues, which is deliberate indifference.

C.      Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

N/A

4

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

. Violation of Michigan Constitutional Right to Be Brought to trial in 90 days or HAVE A Bond set immediately when Being held without Bond.

2. Violation of All Pretrial Detainees Rights GUARANTEED UNDER the Fifth AMENDMENT, And the GUARANTEED Protections From the United States Constitution.

3. The GUARANTEE of procedural FAIRNESS which flows from Both the Fifth And Fourteenth Amendments due process clauses of the Constitution.

1. Systemic Racism       } Ethnic Intimidation
5. Racial Injustice       } Racial Discrimination
6. Racial Inequality      }

7. No Protection from Covid-19; Failure to follow Governor Whitmer's ordinance to provide Face mask; No Social Distancing, No Anti Bacterial SOAP, or A medical Pad for those on C-Pap machines with MAJOR Respiratory Issues which is Also A Violation of the Eigth And 5th Amendments Protections, which is Also deliberate indifference, which is Also A deprivation of a significant life, liberty that has deprived me of Property Also. Audio And Video Footage from April 9, 2020 until July 27, 2020, Along with the Register of Actions And Court Record will support every issue And Facts that ARE stated within this Complaint.

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [x] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [ ] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)* _____

## IV.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

A.    If the events giving rise to your claim arose outside an institution, describe where and
      when they arose.

In my home on April 9, 2020

B.    If the events giving rise to your claim arose in an institution, describe where and when
      they arose.

Midland County Jail April 9, 2020, April 13, 2020 through July 27, 2020
Midland County Court House April 27, 2020, April 29, 2020
Midland County Court House June 8, 2020 By Zoom and Youtube.
Midland County Jail June 22, 2020 By Zoom and youtube Judge Beale's
Courtroom.
Midland County Jail June 30, 2020.
From April 9, 2020 through July 27, 2020 my life has Been in
Constant Jeopardy of Contracting Covid-19 through my C-Pap machine.

C.    What date and approximate time did the events giving rise to your claim(s) occur?

From April 9, 2020 and still occuring to this Day July 27, 2020

6

D.   What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

1. Violation of my Michigan Constitutional Right to Be Brought to trial in 90 days or Have a bond set immediately when Being held without Bond, which I still am.

2. Violation of all my pretrial Detainees Rights Guaranteed under the fifth and Fourteeth Amendments, and Guaranteed protection from the United States Constitution.

3. Violation of Procedural due PROCESS-The Guarantee of Procedural Fairness which flows from both the Fifth and Fourteenth Amendments due Process Clauses of the Constitution.

4. Systemic Racism      Ethnic Intimidation *
5. Racial Injustice      Racial Discrimination
6. Racial Inequality

7. No Protection from "Covid-19"; Failure to Follow Governor's Whitmer Ordinance to provide Face Mask, Anti Bacterial Soap, and Social distancing, or a medical Pod to provide chronic care for pretrial Detainee's like myself who is on a C-Pap machine for sleep apnea and major respiratory Issues, which is also deliberate indifference and violation 8th and 5th Amendment Protections upon a thorough Civil Rights investigation of the Probative Facts; The Audio and Video footage from April 9, 2020 through July 27, 2020, Along with the full complete Court Register of Actions, Court Records and transcripts, and all the medical Records will not only show Gross Negligence, But will provide this Honorable Court with enough Probative Evidence to prove Beyond any Reasonable doubt that a deprivation of significant life, liberty, and Property interest has occurred.

8. Violation of Procedural law, Due Process of law, Equal Protection of the laws.

Other people involved: Sheriff Scott Stephenson, Captain Derocher, Lt. Randall, Sgt Paul Close, Sgt. Whyte, Det. Ryan Duynslager, Michael Carpenter, Michael Beale, And the Health care staff from Advanced Correctional Healthcare, Inc. All Facts to my Claim and Clear in Probative Facts. This duress has left me afraid of Dying from Covid-19 Everytime I turn on my C-Pap machine.

9. Poor Ventilation, Making it very difficult to Breathe, Violations of pretrial Protection and due Process Safeguards.

10.

7

MIED ProSe 14 (Rev 5/16) Complaint for Violation of Civil Rights (Prisoner Complaint)

## V.     Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

1. MAJOR NERVE damage, BACK PAIN, HIP PAIN, Right Foot and leg pain; insult to Injuries from GROSS NEGLECT And FAILURE to provide CHRONIC CARE NEEDS, to PROVIDE A SAFE ENVIRONMENT And PROTECTION FROM COVID-19, No cleaning of my C-PAP MACHINE, No MASK, No Anti BACTERIAL SOAP, No Social distancing, No COVID-19 testing, No MRI, No CAT SCAN, My 4 PRONG CANE HAS BEEN TAKEN, And I'VE BEEN FORCED INTO A WHEELCHAIR, No ULTRA SOUND to CHECK FOR Blood Clots. HEART FAILURE AND BRAIN damage from HAVING C-PAP MACHINE POWER SHUT OFF ON ME SEVERAL TIMES NOW. CHRONIC CARE FOR My NUROPATHY which HAS NOT ONLY CAUSE IRREPARABLE HARM But taking 4 PRONG CANE And putting ME IN this WHEELCHAIR hAS CAUSED IRREPARABLE Psychological, Spiritual, MENTAL, AND EMOTIONAL PAIN AND dURESS. Sixth AMENDMENT Violation I WAS NOT Brought BEFORE the COURT WITHIN 48 HOURS GUARATEED By law CAUSING MAJOR NOROLOGICAL IRREPARABLE NERVE DAMAGE.

## VI.     Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

1. 3.5 million from PUNITIVE damages $5,000 FOR EVERY day that I'VE hAd to go without A MASK, Social distancing, Anti BACTERIAL SOAP, And failure to Follow the ORDINANCES issued By GOVERNOR Gretchen Whitmer, And Failure to PROVIDE Any PROTECTION GUARANTEED By 5th, 14th, 8th AMENDMENTS, Against COVID 19.

2. Immediately issue A Civil Rights investigation into the Ethnic intimidation, RACIAL INJUSTICE, To BE GRANTED P.R. BONd.

3. $750,000 GRANTED to ME From ADVANCED CORRECTIONAL HEALTH CARE INC And lifetime medical for the GROSS Neglect of my chronic CARE issues And PROTECTION FROM COVID-19, And Neglect of my MAJOR RESPIRATORY issues.

4. A TEMPORARY RESTRAING ORDER UNTIL All ISSUES ARE Resolved, And the Appointment of COUNSEL, PROTECTION FROM COVID-19.

5. GRANT A COURT ORDER FOR A INTENSIVE medical AND SLEEP EVALUATION to determine the Full EXTENT of INJURIES SUFFERED at the HANDS of the DEFENDANTS.

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Midland County Correctional Facility.
April 9, 2020 through the month of July so far.

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☑ No

☐ Do not know

If yes, which claim(s)?

MIED ProSe 14 (Rev 5/16) Complaint for Violation of Civil Rights (Prisoner Complaint)

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐   Yes

   No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐   Yes

   No

E.   If you did file a grievance:

1.   Where did you file the grievance? N/A

2.   What did you claim in your grievance? N/A

3.   What was the result, if any? N/A

MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

4.   What steps, if any, did you take to appeal that decision?  Is the grievance
process completed?  If not, explain why not.  *(Describe all efforts to appeal to
the highest level of the grievance process.)*

N/A

F.   If you did not file a grievance:

1.   If there are any reasons why you did not file a grievance, state them here:

Ethnic Intimidation, Systemic Racism.
Prejudice, Hatered

2.   If you did not file a grievance but you did inform officials of your claim, state
who you informed, when and how, and their response, if any:

Judge Carpenter, Sgt. Paul Close, Sgt. Whyte, Sheriff Scott Stephenson
Judge Beale
Attorney Daniel J. Duke
Captain DeKocher
Lt. Randall
Dr. Challem, Nurse Barbra Karklin
All Responses was Negative.

G.   Please set forth any additional information that is relevant to the exhaustion of your
administrative remedies.

N/A

*(Note:  You may attach as exhibits to this complaint any documents related to the
exhaustion of your administrative remedies.)*

11

MIED ProSe 14 (Rev 5/16) Complaint for Violation of Civil Rights (Prisoner Complaint)

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If so, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N/A

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☑ Yes

☑ ~~No~~

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

Plaintiff(s) _____ Cory Odell Derrick _____

Defendant(s) __ Advanced Correctional HealthCare Inc __

2.  Court *(if federal court, name the district; if state court, name the county and State)*

United States District Court

3.  Docket or index number

20 - 11328

MIED ProSe 14 (Rev 5/16) Complaint for Violation of Civil Rights (Prisoner Complaint)

4.      Name of Judge assigned to your case

    Hon. George Caram Steeh

5.      Approximate date of filing lawsuit

    7 / 7 / 20

6.      Is the case still pending?

    ☑    Yes

    ☐    No

    If no, give the approximate date of disposition.    N/A

7.      What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

C.      Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

    ☐    Yes

    ☑    No

D.      If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

     1.      Parties to the previous lawsuit

         Plaintiff(s)        N/A

         Defendant(s)       N/A

     2.      Court *(if federal court, name the district; if state court, name the county and State)*

     3.      Docket or index number

         N/A

MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

4.    Name of Judge assigned to your case

N / A

5.    Approximate date of filing lawsuit

N / A

6.    Is the case still pending?

☐    Yes

☐    No

If no, give the approximate date of disposition.    N / A

7.    What was the result of the case?  *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

N / A

N / A

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: July 28, 2020.

Signature of Plaintiff    Cory O. Derrick

Printed Name of Plaintiff    Cory Odell Derrick

Prison Identification #  103775

Prison Address  105 East Ice Drive

Midland        Michigan        48642

City                State                Zip Code

K PARROTT
·TARY PUBLIC - STATE OF MICHIGAN
COUNTY OF MIDLAND
My Commission Expires April 5, 2026

K. Parrott

14

MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

**Additional Information:**

PLEASE View

Attached

Pre-trial procedures are critically important components of the justice process because the great majority of all criminal cases are resolved informally at this stage and never come before the courts. They include the pre-arrest investigation, arrest, booking, the decision to prosecute, the initial appearance before local magistrate, preliminary hearing or grand jury hearing, arraignment on the information or indictment, and pre-trial motions. The essence of the due process safeguards at the pre-trial stage is the equalization of the ambushing powers of the government and concern for reasonable protection the defendant's rights. What might therefore seem like a tilting of the procedural scale in favor of the suspect or the accused is nothing more than an effort by the courts to compensate the defendant for the fact that the enormous investigative powers of the police department are invariably placed at the general disposal of the prosecutor.

## RIGHT TO BE FREE FROM UNLAWFUL ARREST

The criminal suspect's first meaningful due process protection is safeguard against unlawful arrest. The general rule is that arrest can be made upon issuance of the arrest warrant. To prevent possible abuses of the power of arrest, the law requires an arrest warrant to be issued by a magistrate or other duly authorized official upon a sworn statement that a crime has been committed and that there is probable cause to suspect that the prospective arrestee was responsible for the commission.

Like many other constitutional protections afforded to the suspect, the arrest with warrant is not an absolute rule. It may yield to overriding public security interests or to compelling law enforcement considerations.

The criminal suspect's constitutional safeguard against unlawful arrest includes the freedom from unwarranted stopping and questioning by a police officer. However, in what amounts to a permissible concession to the reasonable demands of law enforcement, the law permits the police practice of stopping for questioning any citizen who, under the given circumstances, is deemed by the police officer to be behaving suspiciously.

## RIGHT TO INDIVIDUAL PRIVACY

The right to privacy is based upon the idea that citizens in free societies should be "left alone" from government interference. Although the Constitution does not specifically use the term privacy, the Fourth Amendment provides protection of this right by forbidding unreasonable searches and seizures and by requiring that any search warrant be based on probable cause.

Search is any governmental intrusion into a person's reasonable and justifiable expectation of privacy. It is not limited to homes, offices, buildings, or other enclosed places. All searches must be limited to the specific area and specific items described in the warrant. General searches are unconstitutional and never legal.

There are several exceptions to the warrant requirement. They are search with consent, search incident to lawful arrest, and search under exigent circumstances.

Electronic surveillance is a form of search and seizure and as such is governed by the Fourth Amendment. To obtain electronic surveillance warrant, probable cause that a person is engaging in particular communications must be established by the court, and normal investigative procedures must have been already tried.

Any evidence obtained by the government in violation of the Fourth Amendment is not admissible in a criminal prosecution to prove guilt.

The Fourth Amendment protection against unreasonable search and seizure applies only to governmental action and not to the action of private persons.

## RIGHT TO KNOW CHARGES

The right to know charges, referred to as the right to notice, derives from the Sixth Amendment, which provides that "in all prosecutions the accused shall enjoy the right to be informed of the nature and cause of the accusation." Over the years this right has been interpreted by the courts to mean the following: that the defendant shall be informed about the form in which the charges have been brought, that the charges will be spelled out with clarity and particularity, that a vague and indefinite charges will not suffice, that accusations that are formulated in a manner that does not adequately inform the defendant of the charges against him/her shall be dismissed as being formless and obscure.

Directly related to the right to notice is the judicially created doctrine of void for vagueness. It means that criminal charges filed because of the violation of the vague or insufficiently specific criminal statute will be dismissed and such statute will be declared void for vagueness.

The defendant must be informed of the criminal charges filed against him/her during the first court appearance. This appearance must take place within maximum of 48 hours following arrest. As a minimum standard of due process at the commencement of the first court appearance, the judge must inform the defendant of: the complaint against him; any affidavit filed therewith; his right to retain counsel; his right to request assigned counsel if he is indigent; the general circumstances under which he may secure pre-trial release; the right to remain silent and that any statement he makes may be used against him.

## RIGHT AGAINST UNWARRANTED CRIMINAL CHARGES

The right against unwarranted criminal charges derives from the Fifth Amendment, which provides that "no person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." The purpose of this pre-trial protection is to prevent arbitrary or otherwise groundless prosecution. Criminal defendant cannot be tried before it has been determined that criminal charges that the state filed against him/her have merits and justify trial. Procedure used to make this determination is called probable cause hearing and may have the form of grand jury hearing or preliminary hearing.

A grand jury is ordinarily comprised of group of randomly selected individuals (sixteen to twenty-three of them) who theoretically represents a county. To qualify to serve on a grand jury, an individual must be at least eighteen years of age, a U.S. citizen, and a county resident for one year or more and possess sufficient English-speaking skills for communication. In making its determination, grand jury relies on testimony of witnesses and evidence presented by the prosecutor. After examining the evidence and the testimony of witnesses, the grand jury decides whether probable cause exists for the prosecution. If it does, an indictment is affirmed. If the grand jury fails to find probable cause, criminal charges are rejected and cannot be filed again.

The preliminary hearing is employed in about half the states as an alternative to the grand jury hearing. The preliminary hearing is conducted before a magistrate or lower court judge. After hearing the evidence, the judge decides whether there is sufficient probable cause to believe that the defendant committed the alleged crime. If the answer is the affirmative, the defendant is bound over for trial. When the judge does not find sufficient probable cause, the charges are dismissed, and the defendant released from custody.

Bail is money or some other security provided to the court to ensure the appearance of the defendant at every subsequent stage of the criminal justice process. Its purpose is to obtain the release from custody of a person charged with a crime.

The Eighth Amendment does not guarantee constitutional right to bail, but rather prohibits excessive bail. However, the Supreme Court interpreted the institution of bail in case of Stack v. Boyle (1951) as a traditional right to freedom before trial that permits unhampered preparation of a defense and prevents the criminal defendant from being punished prior to conviction.

The Court held that bail is excessive when it exceeds an amount reasonable calculated to ensure that the defendant will return for trial.

Under federal law a person accused of a crime, except where the punishment is death, may be admitted to bail not only after arrest and before trial but also after conviction and before imprisonment.

## PRIVILEGE AGAINST SELF-INCRIMINATION

An uncompromising principle of procedural due process in American law is the privilege against compulsory self-incrimination. The root of this privilege is the Fifth Amendment, which provides that "no person shall be compelled in a criminal case to be a witness against himself."

Over the years the courts the courts have given the following interpretation to this Fifth Amendment protection: the privilege is limited to criminal matters only, the privilege can be claimed not only by the defendant but also by a witness, the privilege is strictly personal and as such cannot be claimed on behalf of someone else, it is available only to natural persons and never to fictitious (juridical) persons such as corporations, unions, etc.

The right of the defendant to refuse to testify is so fundamental to the American constitutional system that the U.S. Supreme Court has held that the exercise of this privilege should not be taken as being the equivalent to a confession of guilt or to a conclusive presumption of perjury.

A defendant or a witness may voluntarily waive his/her privilege against self-incrimination by taking the witness stand. However, once a person has voluntarily testified to incriminating facts, he/she may not plead the privilege with regard to further testimony on the subject. He/she also has the duty tom testify truthfully, subject to prosecution for perjury.

The impression that one may get is that, under American law, the defendant has no duty to incriminate himself. But this right is not and never has been intended to be absolute. The defendant may be forced to appear in line-up, give a blood sample, submit to photographing, give handwriting samples, submit to fingerprinting, and repeat certain words or gestures.

In addition to the Fifth Amendment privilege against self-incrimination, statutes may provide that certain communications between the defendant and other persons are privileged and therefore disclosure may not be compelled or coerced (husband-wife, attorney-client, priest-penitent, doctor-patient, psychologist-client, accountant-client, journalist-source).

## RIGHT TO COUNSEL

The Sixth Amendment guarantees defendants the right to counsel during criminal proceedings. This right is critical to protection of other constitutional rights of the accused and to his/her defense against the charge.

The right to appear with one's counsel applies to every critical step of the proceedings, i.e., not only to trial stage, but also to the pre-trial proceedings. It begins as soon as one is questioned about the crime. The decision Miranda v. Arizona (1966) requires a suspect to be told about the right to an attorney when he/she is placed under arrest and before interrogation.

A defendant has an unqualified right to the assistance of his own counsel in connection with any kind of offense, including traffic offenses. The rule in federal courts is that in all criminal prosecutions, including prosecution for petty offenses, every defendant who is unable to obtain counsel shall be entitled to have counsel assigned to represent him at every stage of criminal proceeding - from his/her initial appearance before the U.S. magistrate or the court, through appeal. In state criminal prosecutions an indigent defendant is entitled to an appointed counsel not only for capital crimes, but also for non-capital felony cases, as well as in misdemeanor cases, as long as the possible punishment upon conviction is imprisonment for any period of time.

The defendant has the right to proceed per se, i.e., to represent him/herself, as long as he/she waives the right to in counsel voluntarily and intelligently.

A reviewing court may set aside a conviction if it is convinced that the counsel was so grossly incompetent as to support the inference that the defendant has not had at least a minimum measure of representation.

## PROTECTION AGAINST ADVERSE PRE-TRIAL PUBLICITY

Protection against adverse pre-trial publicity is one of the key ingredients of the right to a fair trial. In an adversary system of trial by jury if the defendant is to receive a fair trial it is essential that adverse pre-trial publicity of his/her case in the mass media should be prevented. However, the defendant's right to a fair trial is in direct competition with the First Amendment right of newsman to publish whatever they deem to be newsworthy information.

The goal is not to prevent all pre-trial publicity. Rather it is excessive pre-trial publicity that damages most the chances of a fair trial. When this happens, the following pre-trial remedies are available to the defendant: a voir dire examination of prospective jurors, the right to challenge jurors either for cause or peremptorily, motion for continuances (postponement or adjournment to a future date) and motion to change venue.

Where it is found that there was excessive adverse pre-trial publicity, any conviction so secured can be deemed violation of due process of law.

In The 42ND Judicial Circuit Court

ople of The State of Michigan,        Case No. 20-8459-FC

     Plaintiff,                 Hon. Michael Beale

                            Motion for Medical Bond,

. Cory Odell Derrick Pro se,      And Violation MCR 6.106

     Defendant,            (B)(3), Michigan Constitution.

                           Brief in Support

                           Proof of Service

ichael Gary Yelsik P-62805      Mr. Cory Odell Derrick Pro se

dland County Prosecutor's Office    Midland County Jail E-Pod Room 102

torney For Plaintiff           Inpropria Persona

20 W. Ellsworth St.           105 Fast Ice Drive

idland, Michigan 48640        Midland, Michigan 48642

---

lotion for Medical Bond such as Electronic or GPS monitoring, And 'iolation of MCR. 6.106 (B)(3), Michigan Constitution."

New information/Changed Circumstance: Covid-19

s of April 15, 2020, SARS-COV-2, a novel coronavirus causing COVID-19, is infected over 1.9 million people worldwide, leading to at least 127,918 death d 25,922 deaths in the United States. The President of the United state has eclared a national emergency. Our country is still behind the curve on ommunity testing, and we do not know the true extent of community spread as f the date of this filing. Nearly every city in the Metropolitan area is experiencin COVID-19 outbreak via Community transmission. The virus has a mortality en times greater than the seasonal flu and is more infectious than the Ebola irus. Emerging studies regarding COVID-19 indicate that the spread of ne virus is mostly via Respiratory droplets among close contacts and hrough contact with Contaminated surfaces or objects. Newly Emerging

...idence that the virus may be viable for hours in the air is particularly concerning ...those who reside in small, confined spaces with poor ventilation. We have ...ached the point where community ~~transmission~~ exponentilly by the day. Our ...ealth systems are already strained, and social distancing measures have been ...ecommended by the Center for Disease Control (CDC). The recommended social ...istancing measures are nearly impossible to 20 Jails and prisons are designed ... maximize control of the incarcerated population, not to minimize disease transmission or to efficiently deliver health care. (A) Conditions in Detention Facilities implement and adhere to in detention facilities where detained individuals share dining, bathing and sleeping areas, and testing for the virus in county jails remains largely unavailable. In addition to threatening the well-being of detained individuals, COVID-19 is a threat to corrections staff who necessarily move between the community and the detention facilities where they work. Pretrial detention facilities, including the "Midland County Jail", are crowded with unsanitary conditions, poor ventilation, lack of adequate access to hygienic materials/cleaning supplies such as antibacterial soap and water or hand sanitizers, and offer poor nutrition. Moreover, the frequent transfer of individuals from one location to another, and intake of newly detained individuals from the community compounds issues with disease control and complicates the prevention and detection of infectious disease outbreaks. Particularly with regard to COVID-19, a timely response to reported and observed symptoms is 6 needed to interrupt viral transmission, however, delays in testing, diagnosis and access to care are systemic in jails and prisons. (b.) Cory Derrick's Vulnerability - There are currently no antiviral drugs licensed by the U.S. Food and Drug Administration (FDA) to treat COVID-19 ...x post-exposure prophylaxis to prevent infection once exposed.

→

dditionally, Defendant's pre-existing medical conditions including Sleep Apnea (Defendant is on a C-Pap machine), Asthma, Nuropathy, obesity, ypertension, high Blood pressure, and other medical conditions which make m susceptible to becoming infected by the COVID-19 virus.

## III. Argument

L.) The 5th Amendment Due Process Clause Compels the Court to Protect Cory Derrick from Punitive Conditions of Confinement and Ensure that Cory Derrick is Afforded Adequate Medical Care.

pretrial detainee's freedom from pretrial confinement is a fundamental ight protected by the Due Process Clause; any government action infringing J this right must be narrowly tailored to achieve a compelling government iterest. United States v. Salerno, 481 U.S. 739, 755 (1987). The constitutional rotections of pretrial detainees arise under the Fifth Amendment Due Process Clause, which provides protection even greater than the Eighth Amendment. Bell v. 22 Wolfish, 441 U.S. 520, 535 (1979). The Eighth Amendment, which applies to persons convicted of criminal offenses, allows unishment if it is not cruel and unusual, But the Fifth Amendment's due rocess protections do not allow pretrial punishment at all. Id. Although he Government has an interest in detaining a defendant to secure thei appearance at trial, Government may only subject a detainee" to the estriction and conditions of the detention facility so long as those Conditions and restrictions do not amount to punishment; or otherwise violate the Constitution." Id. at 536-37. In Kingsley v. Hendrickson, th Supreme Court affirmed the Due Process Clause's prohibition on pretrial punishment, and elaborated that "if the condition of confinement being challenged is not reasonably related to a legitimate goal - if it is arbitrary or purposeless - A court permissibly may infer that the purpos of the governmental action is punishment." 135 S. Ct. 2466, 2470 (2015);

See also Doe V. Kelly, 878 F.3d 710 (9th Cir. 2017) ("A particular restriction or condition is punishment if the restriction or condition is not reasonably related to a legitimate governmental objective or is excessive in relation to the legitimate governmental objective"). In addition, pretrial detainees have a substantive due process interest in freedom from deliberate indifference to their medical needs. Miranda V. Cty. of Lake, 900 F.3d 335, 352 (7th Cir. 2018). Furthermore, in Brown V. Plata, the Supreme Court explained that a prisoner may suffer or die if not provided adequate medical care. A prison that deprives prisoner's of basic sustenance, including adequate medical care, is compatible with the concept of human dignity and has no place in civilized society." While prisoner claims in Brown V. Plata arose under the Eighth Amendment, pretrial detainees likewise have the legal right to adequate medical care, given that their rights are at least as great as those of convicted persons being punished by imprisonment. Here, Cory Derrick has not yet received a sentence or final judgement in the instant case and is entitled to the protections that must be afforded to pretrial detainees. The current conditions of confinement create an unreasonable risk of exposure to COVID-19 and do not provide the necessary supplies for personal and environmental hygiene necessary to protect against contraction of the virus. Accordingly, in light of the extreme risk to Cory Derrick's health posed by the virus and the ever-increasing likelihood that he will contract it if he remains housed under current conditions, the condition of his confinement should be deemed punitive, in violation of the 5th Amendment. Furthermore, given that COVID-19 testing is not being offered to inmates at the Midland County Jail and as not been offered to Cory O. Derrick. He is not being afforded adequate medical care under the present circumstances. As such, release is appropriate to ensure his constitutional rights are protected and his life is not

so pardiced during this crisis. (B.) "The 8th Amendment Prohibition Against cruel and Unusual Punishment Compel Release Under these Extraordinary circumstances." The government, in detaining defendants pretrial, must take sufficient protective measures to prevent contraction of COVID-19 in the Jail population. Unreasonable risk of COVID-19 contraction will, in itself, Constitute an Eighth Amendment violation. The Supreme Court has held that exposure to environmental threats to an incarcerated person's physical wellbeing where exposure is preventable could constitute a violation of the 8th Amendment's prohibition against cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 28 (1993). In Helling, a plaintiff alleged that he was assigned to a cell with another inmate who smoked five packs of Cigarettes per day. At issue was whether the exposure to environmental tobacco smoke (ETS) could constitute a valid claim under the Eighth Amendment, even though the plaintiff had not yet suffered harm. The Supreme Court upheld the decision of the Court of Appeals, finding that the plaintiff stated a cause of action under the Eighth Amendment by alleging that petitioners have, with deliberate indifference, exposed him to levels of ETS that pose an unreasonable risk of serious damage to his future health. Though Helling directly addressed an inmate's exposure to (secondhand smoke) it tacitly acknowledged other situations in which environmental factors can pose an unreasonable risk to an inmate's health, including Exposure to infectious maladies such as hepatitis and venereal disease' caused by overcrowding, unsafe drinking water, and toxic or other substances. Allen v. Kramer, 2016 U.S. Dist. LEXIS 115024, 2016 WL 4613360, at 7 (E.D. Cal. Aug 17, 2016) (quoting Helling, 509 U.S. At 33, 35.) The Reasoning of Allen v. Kramer, Shabazz v. Beard, and Jackson v. California, and other cases applying Helling to Exposure to environmental Risks apply with Equal or greater force to COVID-19, and establishes that officials

Pg 6 of 6

ho fail to adequately protect inmates from the risk of Contracting COVID-19 olate the Eighth and Fifth Amendment. Where protections from COVID-19 ok incarcerated clients are insufficient, as in this case, whether for the Jail pulation as a whole or for particularly At-Risk individuals, Release is onstitutionally mandated. Wherefore I Cory Odell Derrick Respectfully equests this Honorable Court to Enter an order for immediate Release to tome Confinement or granting such further relief as may Be warranted..

ated: July 21, 2020

Respectfully Submitted,

Cory O. Derrick Pro SE

Proof of Service

certify that on July      , 2020, I served a copy of the foregoing instrument on:

lichael Gary Yelsik P-62805          Clerk of the Court Ann Manary
idland County Prosecutor's Office    301 W. Main St.  4th Floor - Court House
20 W. Ellsworth St.                  Midland, Michigan 48640
idland, Michigan 48640

y placing the same in a properly addressed envelope with postage fully prepaid d depositing it into the U.S. Mail.

I declare these statements to be true to the best of my information, knowledge, d Belief.

ated: July 21, 2020

Respectfully Submitted,

Cory O. Derrick Pro SE

K PARROTT
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF MIDLAND
My Commission Expires April 5, 2026

K Parrott          7/21/2020