UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORY ODELL DERRICK

    Plaintiff,        Case Number: 20-12260
                     Honorable Paul D. Borman

v.

MIDLAND COUNTY, ET AL.,

    Defendants.
                   /

## OPINION AND ORDER DISMISSING COMPLAINT

Midland County Jail inmate Cory Odell Derrick ("Plaintiff") has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. He raises claims concerning his failure to be tried or released on bond in a timely manner, a denial of procedural fairness (presumably as to his pretrial proceedings), racial discrimination/ethnic intimidation, and the lack of protection from Covid-19, proper housing, and medical care while confined at the Midland County Jail. He names Midland County, Advanced Correctional Healthcare, Public Defender Daniel J. Duke, and Midland County Prosecutor Michael Gary Yelsik as the defendants in this action. Plaintiff sues Midland County, Duke, and Yelsik in their individual capacities and sues Advanced Correctional Healthcare in its individual and official capacities. Plaintiff seeks injunctive relief and monetary damages. (ECF No. 1, Complaint.) The Court has granted Plaintiff leave to proceed without

1

prepayment of the filing fee for this action. *See* 28 U.S.C. § 1915(a)(1). (ECF No. 3, Order Granting Application.)

Having reviewed the matter, the Court dismisses with prejudice defendants Duke and Yelsik and Plaintiff's claims concerning his speedy trial/bail rights, pretrial rights, and racial discrimination/ethnic intimidation. The Court dismisses without prejudice Plaintiff's remaining claims alleging a lack of sufficient protection from COVID-19 and a lack of proper housing and medical care at the Midland County Jail because they are duplicative of claims raised in an earlier-filed complaint.

## I. Standard of Review

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in

2

fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was

caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A plaintiff must also allege that the deprivation of rights was intentional, not merely negligent. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

## II. Discussion

### A. Claims against Defendant Duke

Plaintiff fails to state a claim upon which relief may be granted against Public Defender Daniel J. Duke. It is well-settled that appointed and retained attorneys performing traditional functions as defense counsel do not act "under color of state law" and are not state actors subject to suit under 42 U.S.C. § 1983. *Polk Co. v. Dodson*, 454 U.S. 312, 318, 325 (1981); *Elrod v. Michigan Supreme Ct.*, 104 F. App'x 506, 508 (6th Cir. 2004); *see also Cicchini v. Blackwell*, 127 F. App'x 187, 190 (6th Cir. 2005) ("Lawyers are not, merely by virtue of being officers of the court, state actors for § 1983 purposes."). There is no allegation that defendant Duke exercised any powers traditionally reserved to the State – nor is he responsible for any alleged failure of the State to try Plaintiff or release him on bond. *See, e.g., Hassink v. Mottl*, 47 F. App'x 753, 755 (6th Cir. 2002) (affirming dismissal of state prisoner's § 1983 claim against defense attorneys because they were not state actors and were not responsible for denial of appeal bond request);

4

*White v. Robertson–Deming*, 9 F. App'x 418, 419-20 (6th Cir. 2001) (state prisoner's allegation that public defenders failed to competently represent him failed to state a claim under § 1983). Because defendant Duke is not a state actor subject to suit under § 1983, he will be dismissed.

### B. Speedy Trial/Bail and Pretrial Proceedings Claims and Claims Against Defendant Yelsik

Plaintiff alleges that he has not been tried or released on bond in a timely manner and alleges a denial of procedural fairness (presumably referencing his pretrial proceedings). He names Midland County Prosecutor Michael Gary Yelsik as the defendant responsible for these alleged violations. Such claims, which concern Plaintiff's ongoing state criminal prosecution, are subject to dismissal for failure to state claims upon which relief may be granted under § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal

5

court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id*. at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. Moreover, *Heck* applies to civil rights actions filed by pretrial detainees. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (citing *Alvarez–Machain v. United States*, 107 F.3d 696, 700-01 (9th Cir. 1996); *Hamilton v. Lyons*, 74 F.3d 99, 102-03 (5th Cir. 1996)); *Gorenc v. City of Westland*, 72 F. App'x 336, 339 (6th Cir. 2003) (*Heck* applies to pending charges); *Reese v. Gorcyca*, 55 F. App'x 348, 350 (6th Cir. 2003) (pre-trial detainee's speedy trial and ineffective assistance claims barred by *Heck*).

If Plaintiff were to prevail on such claims in this action, his continued confinement (as a pretrial detainee) would be called into question. Consequently, his claims concerning the pending criminal prosecution are barred by *Heck* and

must be dismissed. Given this determination, Plaintiff also fails to state any claims for relief against defendant Yelsik and he will be dismissed.

### C. Racial Discrimination/Ethnic Intimidation Claims

Plaintiff also raises claims of systemic racism, racial injustice, and racial inequality under the rubric of racial discrimination/ethnic intimidation. Plaintiff, however, fails to support the claims with any factual allegations. He fails to describe what any of the defendants did or did not do based upon his race or ethnicity, how any such actions violated his constitutional rights, or to otherwise explain the claims with any specificity. Conclusory allegations are insufficient to state a civil rights claim under § 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009). Plaintiff thus fails to state claims upon which relief may be granted as to these issues in his complaint and these claims will be dismissed.

### D. Lack of COVID-19 Protection and Medical Care Claims

Plaintiff alleges that conditions at the Midland County Jail fail to sufficiently protect him from COVID-19 and that he has not been provided proper housing and medical care while confined at the Midland County Jail. Such allegations state potential claims for relief under § 1983 against the remaining defendants, Midland County and Advanced Correctional Healthcare. But these claims are duplicative of

claims raised in an earlier-filed complaint. In that complaint, Plaintiff and nineteen additional prisoner-plaintiffs contend that, while incarcerated at the Midland County Jail, they have been insufficiently protected from COVID-19 and provided inadequate housing and medical care. *See Scouten et al. v. Midland County Jail, et al.*, No. 20-11708.

A federal court may exercise its discretion to dismiss a duplicative suit. *See Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). Dismissal of a second, duplicative suit is a "'common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time.'" *Twaddle v. Diem*, 200 F. App'x 435, 438 (6th Cir. 2006) (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000)). The Court will dismiss Plaintiff's surviving claims without prejudice to his rights in the earlier-filed case.

### III. Conclusion

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to defendants Duke and Yelsik and as to his claims concerning his speedy trial/bail rights, pretrial rights, and racial discrimination/ethnic intimidation. Accordingly, the Court **DISMISSES WITH PREJUDICE** the claims against defendants Duke and Yelsik

and the claims concerning speedy trial/bail rights, pretrial rights, and racial discrimination/ethnic intimidation.

The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims alleging lack of sufficient protection from Covid-19 and lack of proper housing and medical care at the Midland County Jail, because they are duplicative of claims raised in an earlier-filed complaint.

SO ORDERED.

s/Paul D. Borman<br>
PAUL D. BORMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: October 6, 2020